## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 21-280 |
| | ) | |
| JAIJUAN REED-HARPER, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM OPINION**

Pending before the court is a motion to reduce sentence (ECF No. 55) filed pro se by defendant Jaijuan Reed-Harper ("Reed-Harper"). Reed-Harper's letter was forwarded to the public defender's office, who declined to file a motion on his behalf. Upon learning that a counseled motion would not be filed, the court ordered a response from the government. (ECF No. 57). The government filed a response, opposing the motion. (ECF No. 60). The motion is ripe for disposition.

On April 20, 2022, Reed-Harper pleaded guilty to: (1) possession with intent to distribute a quantity of cocaine on May 28, 2021, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), ("count one"); and (2) possession of a firearm in furtherance of a drug trafficking offense on May 28, 2021, in violation of 18 U.S.C. § 924(c)(1)(A)(i), ("count three").

The guilty pleas were entered pursuant to a Rule 11(c)(1)(C) plea agreement. As relevant to the pending motion, Reed-Harper agreed in the plea agreement NOT to file such a motion:

> Defendant agrees that he will not file a motion seeking relief under 18
> U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered
> by the Sentencing Commission.

Plea Agreement ¶ C(8). Reed-Harper obtained substantial benefits from the plea agreement, including the government's agreement to not file a § 851 Information about a prior felony drug conviction as a basis for increased penalties.

In the Presentence Investigation Report ("PIR") (ECF No. 33), his criminal convictions resulted in a criminal history score of 4. Reed-Harper committed the instant offense while under a criminal justice sentence imposed in the Allegheny County Court of Common Pleas, docket no. CP-02- CR-0011855-2017. Two "status points," therefore, were added to his criminal history score, for a total criminal history score of 6, pursuant to U.S.S.G. § 4A1.1(d). According to U.S.S.G. Chapter 5, Part A, a criminal history score of 6 establishes a criminal history category of III. At sentencing, the court adopted this calculation without objection from the parties. The court accepted the parties' plea agreement and imposed the sentence stipulated by the parties.

Discussion

With respect to motions for sentence reductions, § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Prior to the enactment of Amendment 821, 2023 United States Sentencing Guideline App'x C, an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense while under a criminal justice sentence. Pursuant to Amendment 821, an offender with 7 or more criminal history points receives only 1

status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1.  If the defendant is still serving a term of imprisonment, Amendment 821 will retroactively apply. U.S.S.G. § 1B1.10.

A plea bargain is a contract between the government and the defendant, where "[e]ach side agrees to certain charges or sentence calculations and gives up its right to take other positions." *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024). One such position that Reed-Harper gave up is his right to seek relief under 18 U.S.C. § 3582(c)(2) if the sentencing guidelines were subsequently lowered by the sentencing commission.  This very scenario was contemplated by Chief Justice Roberts in his dissenting opinion in *Hughes v. United States,* 584 U.S. 675 (2018): "The Government may well be able to limit the frustrating effects of today's decision in the long run. Going forward, it presumably can add a provision to every Type–C agreement in which the defendant agrees to waive any right to seek a sentence reduction following future Guidelines amendments." *Hughes*, 584 U.S. at 699 (Roberts, C.J. dissenting).

In short, the court will deny Reed-Harper's motion because he is bound by the plain language of his plea agreement, which prohibits him from filing his motion. *See e.g.*, *United States v. Blystone*, No. CR 20-0220, 2024 WL 1141855, at *4 (W.D. Pa. Mar. 15, 2024); *United States v. Portis*, No. CR 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024).

Reed-Harper's motion would be denied, in any event, on the separate ground that Amendment 821 would not affect his guideline range.  Had Reed-Harper been sentenced after the amendment, he would not have received any "status points" for the committing the instant offense while under a criminal justice sentence.  His criminal history score would have been 4, instead of 6, but his criminal history category would still have been III, and the sentencing

guideline range would have been the same. If the sentencing guideline range remains the same, then Reed-Harper is ineligible for a sentence reduction under § 3582(c)(2). *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017); *see United States v. Jeffries*, No. 2:20-CR-204-10, 2024 WL 2059352, at *2 (W.D. Pa. May 7, 2024) (denying defendant's motion to reduce sentence where the guideline range was unchanged after applying the amendment).

In sum, there are two separate reasons why the motion should be denied: (1) Reed-Harper specifically agreed in the plea agreement to give up his right to bring the instant motion; and (2) Reed-Harper' criminal history category would be unchanged by Amendment 821, which would not affect the guideline sentencing range.

Conclusion

For the reasons set forth above, the motion to reduce sentence (ECF No. 55) filed pro se by defendant Jaijuan Reed-Harper will be denied.

An appropriate order will be entered.

By the court,

Date:  July 11, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge